WIRE BOOK SEWING MACHINE CO. *v.* STEVENSON.*

(*Circuit Court, E. D. Pennsylvania.* January 30, 1882.)

1. PATENT—INTERFERENCE—DECISION OF PATENT-OFFICE—EFFECT OF.

While the decision of the patent-office authorities upon the question of priority between interfering patents is not conclusive upon the court, it is nevertheless entitled to sufficient weight to cast the burden of proof on the party against whom it was rendered.

2. SAME.

Letters patent No. 239,927 for improvement in book-binding, sustained.

Hearing on Pleading and Proof.

Bill in equity to restrain infringement of reissued letters patent No. 8,195, for improvement in book-binding. Respondents claimed under letters patent No. 239,927, for improvement in book-binding. Respondents, in their answer, admitted that these two patents interfered, but claimed priority for their own, and set forth a decision of the commissioner of patents in their favor.

*H. T. Fenton,* for complainants.

*Munson & Philipp,* for respondents.

BUTLER D. J., (McKENNAN, C. J., *concurring.*) The interference charged in the bill, between the letters patent No. 8,195, under which the plaintiffs are licensees, and No. 239,927, owned by the defendant, is admitted in the answer. The first question open for consideration therefore is,—which of the respective patentees is entitled to the claim of priority of invention, as against the other. This having been submitted to the authorities of the patent-office, was there decided in favor of the defendant. While this decision is not conclusive here, (*Machine Co.* v. *Crane,* 6 O. G. 801,) it is nevertheless entitled to sufficient weight to cast the burden of proof on the plaintiff. The only evidence before us is that which the department heard; and an examination of this has served to strengthen the presumption stated.

The second and only other question raised is, are the defendant's letters void for want of novelty? Here again the defendant starts with a presumption in his favor, arising out of his patent. A careful examination of the testimony has revealed nothing sufficient, in our judgment, to overcome this presumption.

A decree must therefore be entered for the defendant.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.